IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. C2-88-0100 |
| ERNEST E. POUND, DOLORES POUND, ROBERT LEE POUND, and ROBERT L. POUND, JR., | ) JUDGE |
| Defendants. | ) JUDGE GRAHAM |

## COMPLAINT

The plaintiff, the United States of America, by its attorney, D. Michael Crites, United States Attorney for the Southern District of Ohio, for its complaint against the defendants alleges as follows:

### COUNT I

1. This is an action to reduce to judgment certain federal tax assessments made against the defendants, Ernest E. Pound, Robert Lee Pound and Robert L. Pound, Jr., to set aside a fraudulent conveyance of real property and to foreclose federal tax liens against said real property.

2. This action is brought pursuant to Sections 7401 and 7403 of the Internal Revenue Code (26 U.S.C.), at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

- 2 -

3. Jurisdiction exists pursuant to 26 U.S.C., Section 7402 and 28 U.S.C., Section 1340 and 1345.

4. The defendants, Ernest E. Pound and Dolores Pound, reside at 350 Pierson Boulevard, Newark, Ohio 43055, within the jurisdiction of this Court. Dolores Pound is named as a defendant to this action as she may claim an interest in the subject real property.

5. The defendant, Robert Lee Pound, resides at 743 Gratton Road, Newark, Ohio 43055, within the jurisdiction of this Court.

6. The defendant, Robert L. Pound, Jr., resides at 168 North Bay Street, Newark, Ohio 43055, within the jurisdiction of this Court.

7. On the dates and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments in accordance with law against Ernest E. Pound for one hundred percent penalties, pursuant to the provisions of Section 6672 of the Internal Revenue Code (26 U.S.C.), by reason of his willful failure to collect, truthfully account for and pay over withheld income and Federal Insurance Contributions Act (FICA) taxes due and owing from Pound's Florists, Inc., as follows:

| Tax Period | Date of Assessment/ Notice and Demand | Amount of Assessment |
|---|---|---|
| 2nd Qtr. 1980 | 03/04/83 | $ 3,098.98 |
| 3rd Qtr. 1980 | 03/04/83 | 4,463.58 |
| 4th Qtr. 1980 | 03/04/83 | 5,056.54 |
| 1st Qtr. 1981 | 03/04/83 | 1,445.80 |
| 2nd Qtr. 1981 | 03/04/83 | 5,612.34 |
| 3rd Qtr. 1981 | 03/04/83 | 3,132.50 |
| 4th Qtr. 1981 | 03/04/83 | 4,409.63 |
| 1st Qtr. 1982 | 03/04/83 | 1,965.93 |
| 2nd Qtr. 1982 | 03/04/83 | 2,870.60 |
| 3rd Qtr. 1982 | 08/06/84 | 3,053.17 |

8. On the same dates as the making of each assessment described in paragraph 7, above, notices of the assessments and demands for payment were made upon Ernest E. Pound.

9. In accordance with 26 U.S.C., Sections 6321 and 6322, the assessments set forth in paragraph 7, above, plus interest and statutory additions, are liens, as of the dates of the assessments, on all property and rights to property of the defendant, Ernest E. Pound.

10. Despite the notices of the assessment and demands for payment, and except for a credit of withheld income from 1983 in the amount of $2,224.00, Ernest E. Pound has failed and/or refused to pay fully the assessments listed in paragraph 7, above, and as a result, Ernest E. Pound remains indebted to the United States in the amount of $32,885.07, plus statutory additions from the dates of the assessments.

11. On the dates and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments in accordance with law against Robert Lee Pound for one hundred percent penalties, pursuant to the provisions of Section 6672 of the Internal Revenue Code (26 U.S.C.), by reason of his willful failure to collect, truthfully account for and pay over withheld income and Federal Insurance Contributions Act (FICA) taxes due

- 4 -

and owing from Pound's Florists, Inc., as follows:

| Tax Period | Date of Assessment/ Notice and Demand | Amount of Assessment |
|---|---|---|
| 2nd Qtr. 1980 | 03/04/83 | $ 3,098.98 |
| 3rd Qtr. 1980 | 03/04/83 | 4,463.58 |
| 4th Qtr. 1980 | 03/04/83 | 5,056.54 |
| 1st Qtr. 1981 | 03/04/83 | 1,445.80 |
| 2nd Qtr. 1981 | 03/04/83 | 5,612.34 |
| 3rd Qtr. 1981 | 03/04/83 | 3,132.50 |
| 4th Qtr. 1981 | 03/04/83 | 4,409.63 |
| 1st Qtr. 1982 | 03/04/83 | 1,965.93 |
| 2nd Qtr. 1982 | 03/04/83 | 2,870.60 |
| 3rd Qtr. 1982 | 08/06/84 | 3,053.17 |

12. On the same dates as the making of each assessment described in paragraph 11, above, notices of the assessments and demands for payment were made upon Robert Lee Pound.

13. In accordance with 26 U.S.C., Section 6321 and 6322, the assessments set forth in paragraph 11, above, plus statutory additions from the dates of the assessments, are liens, as of the dates of the assessments, on all property and rights to property of the defendant, Robert Lee Pound.

14. Despite the notices of the assessments and demands for payment, Robert Lee Pound has failed and/or refused to pay fully the assessments listed in paragraph 11, above, and as a result, Robert Lee Pound remains indebted to the United States in the amount of $35,109.07, plus statutory additions from the dates of the assessments.

15. On the date and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments in accordance with law against Robert L. Pound, Jr. for one hundred

- 5 -

percent penalties, pursuant to the provisions of Section 6672 of the Internal Revenue Code (26 U.S.C.), by reason of his willful failure to collect, truthfully account for and pay over withheld income and Federal Insurance Contributions Act (FICA) taxes due and owing from Pound's Florists, Inc., as follows:

| Tax Period | Date of Assessment/ Notice and Demand | Amount of Assessment |
|---|---|---|
| 2nd Qtr. 1980 | 03/04/83 | $ 3,098.98 |
| 3rd Qtr. 1980 | 03/04/83 | 4,463.58 |
| 4th Qtr. 1980 | 03/04/83 | 5,056.54 |
| 1st Qtr. 1981 | 03/04/83 | 1,445.80 |
| 2nd Qtr. 1981 | 03/04/83 | 5,612.34 |
| 3rd Qtr. 1981 | 03/04/83 | 3,132.50 |
| 4th Qtr. 1981 | 03/04/83 | 4,409.63 |
| 1st Qtr. 1982 | 03/04/83 | 1,965.93 |
| 2nd Qtr. 1982 | 03/04/83 | 2,870.60 |
| 3rd Qtr. 1982 | 08/06/84 | 3,053.17 |

16. On the same dates as the making of each assessment described in paragraph 15, above, notices of the assessments and demands for payment were made upon Robert L. Pound, Jr.

17. In accordance with 26 U.S.C., Sections 6321 and 6322, the assessments set forth in paragraph 15, above, plus statutory additions from the dates of the assessments, are liens, as of the dates of the assessments, on all property and rights to property of the defendant, Robert L. Pound, Jr.

18. Despite the notices of the assessments and demands for payment, and except for a credit of withheld income from 1983 in the amount of $1,487.10 and from 1984 in the amount of $819.00,

Robert L. Pound, JR., has failed and/or refused to pay fully the assessments listed in paragraph 15, above, and as a result, Robert L. Pound, Jr. remains indebted to the United States in the amount of $32,802.97, plus statutory additions from the dates of the assessments.

## COUNT II

19. The United States hereby incorporates the allegations set forth in paragraphs 1 through 18, above, as if specifically rewritten herein.

20. On April 28, 1965, the defendant, Ernest E. Pound, acquired title, by virtue of a Certificate of Transfer of Real Property, to certain real property, having the following legal description:

> Situated in the County of Licking in the State of Ohio and in the City of Newark and bounded and described as follows:
>
> Being Lot Number 8605 in Crawfords East Meadows Addition to the said City of Newark, as shown on the Plat of said Addition recorded in Volume 6, at Pages 69 and 70, of the Plat Records in the Office of the Recorder of Licking County, Ohio.
>
> Subject to all valid and existing building and other restrictions and conditions of record, to all valid and existing zoning laws, ordinances, and regulations and to all valid and existing easements of record.

21. On December 7, 1982, Ernest E. Pound transferred, by Warranty Deed, an undivided one-half interest in the real property described in paragraph 20, above, to his wife, Dolores Pound. Ernest E. Pound received no consideration for this transfer.

22. The transfer referred to in paragraph 21, above, was made without fair consideration when the defendant, Ernest E. Pound, intended or believed that he would incur debts beyond his ability to pay as they matured, and as such, the transfer was fraudulent as to both present and future creditors, including the United States of America.

23. The transfer referred to in paragraph 21, above, was made without consideration and impaired the rights of the creditors of the defendant, Ernest E. Pound, including the United States of America, and thus was a fraudulent conveyance.

24. The transfer referred to in paragraph 21, above, was made with the intent to defraud or hinder the creditors of Ernest E. Pound, including the United States of America.

WHEREFORE, the plaintiff, the United States of America prays:

1. That this Court enter judgment in favor of the United States and against the defendant, Ernest E. Pound, for the unpaid assessed tax liabilities described in paragraph 7, above, in the amount of $32,885.07, plus statutory additions from the dates of the assessments; against the defendant, Robert Lee Pound, for the unpaid assessment tax liabilities described in paragraph 11, above, in the amount of $35,109.07, plus statutory additions from the dates of the assessments; and against the defendant, Robert L. Pound, Jr., for the unpaid assessed tax liabilities described in paragraph 15, above, in the amount of $32,802.97, plus statutory additions from the dates of the assessments;

- 8 -

2. That this Court determine that the United States has valid and subsisting liens in the amount of $32,885.07, plus statutory additions, on all property and rights to property of the defendant, Ernest E. Pound;

3. That this Court determine that the transfer referred to in paragraph 21 of the complaint was fraudulent as to the United States of America and that said transfer be set aside;

4. That this Court determine that the liens of the United States have attached to the real property described in paragraph 20 of the complaint, and that the liens be foreclosed and the property be sold according to law, free and clear of any rights, title, liens, claims, or interest of the parties herein, and that the sale proceeds be distributed to such parties as determined by this Court; and,

5. That this Court award the United States such other and further relief, including the costs of this action, as it deems proper and just.

D. MICHAEL CRITES
United States Attorney

_____
Assistant United States Attorney


_____
SUSAN M. POSWISTILO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 724-6560

6/0670